UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELI ANGELINO,<br><br>                        Plaintiff,<br><br>-against-<br><br>NEW YORK CITY DEPARTMENT OF<br>HEALTH AND MENTAL HYGIENE,<br><br>                        Defendant. | 24-CV-7907 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff resides in California and is appearing *pro se*. He brings this action under 42 U.S.C. § 1983, and the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*, alleging that he was unable to obtain a copy of his birth certificate from the New York City Department of Health and Mental Hygiene (DOHMH). By order dated February 13, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff alleges that he was born on April 27, 1982, to unknown parents at New York Presbyterian Hospital in New York. (ECF 1 at 6.) He has been unable to obtain a birth certificate from the New York City DOHMH to establish the fact of his birth in New York. Plaintiff attaches documents reflecting that he has brought multiple unsuccessful proceedings in the Supreme Court of the State of New York, New York County, and that he recently appealed to the Appellate Division, First Department, from an adverse decision. (ECF 1 at 8.) Those documents reflect that Plaintiff sought "delayed registration of birth certificate." (*Id.* at 11.)

Plaintiff sues DOHMH seeking $10 million in damages and an order requiring "delayed registry of birth certificate." (*Id.* at 6.)[2]

## DISCUSSION

**A.    Civil Rights Claim**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law, or a "state actor," violated a right secured by the Constitution or laws of

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Unlike many New York City agencies, the DOHMH can sue and be sued in the name of the agency. *See* N.Y. City Charter ch. 22, § 564 ("The department may sue and be sued in and by the proper name of 'Department of Health and Mental Hygiene of the City of New York' . . ."); *Rivera v. Bloomberg*, No. 11-CV-0629 (PGG), 2012 WL 3655830, at *11 (S.D.N.Y. Aug. 27, 2012).

the United States. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### 1.   Section 1983 claim cannot be premised on state law

Vital records such as birth certificates are governed by state and local law. 10 NYCRRR 35.2 (NYC birth certificates); Pub. Health Law § 4173 (state law on transcripts and certification by registrars). A Section 1983 claim must be based on allegations that a state actor, such as DOHMH, violated federal law – not state law. An alleged violation of New York City or State vital records law therefore cannot be the basis for a Section 1983 claim against DOHMH.

### 2.   Procedural due process claim

Plaintiff invokes the Fourteenth Amendment, alleging that the denial of a registration of a delayed birth certificate "is arbitrary and capricious." (ECF 1 at 5). The Court understands these allegations as asserting a claim for denial of the right to procedural due process. Where a plaintiff seeks "to enforce procedural due process rights, a court must determine (1) whether a [liberty or] property interest is implicated, and if it is, (2) what process is due before the plaintiff may be deprived of that interest." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011) (citation omitted).

When the government deprives a plaintiff of a property interest pursuant to an established procedure, procedural due process is generally satisfied so long as some form of hearing is provided before the individual is finally deprived of the property interest. *Id.*.[3] Generally, "if a plaintiff had an opportunity to contest a defendant's actions but failed to do so, there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983." *Vialez v.*

---

[3] Conduct is undertaken in accordance with established state procedures when, for example, it is "pursuant to a statute, code, regulation, or custom," or is the result of a decision made by a high-ranking official with "'final authority over significant matters.'" *Viteritti v. Inc. Vill. of Bayville*, 918 F. Supp. 2d 126, 134 (E.D.N.Y. 2013) (quoting *Chase Grp. All. LLC v. City of New York Dep't of Fin.*, 620 F.3d 146, 152 n.3 (2d Cir. 2010)).

... 

*N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996) ("An Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit.")

Here, Plaintiff appears to have applied for a birth certificate, which was denied pursuant to established state procedures. He pursued remedies available to him under state law in state court, including filing an appeal, in October 2024, from an adverse decision of the state court to the Appellate Division, First Department. Even assuming, for purposes of this order, that Plaintiff has a property interest in delayed registration of his birth certificate, these allegations show that he has an opportunity to be heard in state court before being finally deprived of that interest. Plaintiff has not identified any deficiency in the state court procedures, and he thus fails to state a Section 1983 claim for a deprivation of his right to procedural due process. 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. Fourteenth Amendment citizenship rights

Plaintiff asserts that the denial of a birth certificate has impaired his "right 14th Amendment a U.S. Born citizen." (ECF 1 at 5.) He notes that those "born or naturalized in the United States" are entitled to United States citizenship (*id.* at 2), a reference to Section 1 of the Fourteenth Amendment. Plaintiff's complaint, however, seeks delayed registration of his birth certificate, not a declaration regarding his citizenship. Defendant DOHMH is an agency of the City of New York and does not play any role in determining citizenship. Moreover, nothing in the complaint suggests that the DOHMH's decision about delayed registration of the alleged fact of Plaintiff's birth to unknown parents in New York turned on an interpretation of Section 1 of the Fourteenth Amendment or on his entitlement to United States citizenship, rather than on state

4

and local vital records laws. Plaintiff's allegations thus do not state a claim arising under Section 1 of the Fourteenth Amendment and the claim must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

## B.   Administrative Procedure Act

Plaintiff invokes the APA, seeking review of DOHMH's decision regarding delayed registration of his birth certificate. The APA, in certain circumstances, provides for judicial review of a federal agency's final administrative decisions. *See* 5 U.S.C. §§ 702, 704; *Cnty. of Suffolk v. Sebelius*, 605 F.3d 135, 140-41 (2d Cir. 2010). An agency, for purposes of the APA, is defined to mean, with some exceptions, "each authority of the Government of the United States." 5 U.S.C. § 551(1). Because the DOHMH is an agency of the City of New York, and not an agency of the United States, the APA does not provide for federal court review of DOHMH's decisions. Plaintiff's request for review under the APA must therefore be dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.   State Law Claims

Plaintiff invokes the Court's diversity jurisdiction, under 28 U.S.C. § 1332. He alleges that he is a citizen of California, suing the City of New York DOHMH, and seeking $10 million in damages.[5] Plaintiff's allegations suffice at this stage to plead that the parties are of diverse citizenship and that the amount in controversy is satisfied.

When a federal suit follows a state suit, however, the federal court must consider whether the federal suit is either an improper attempt to "appeal" the state court decision, or whether the

---

[4] In addition to federal constitutional claims under Section 1983, federal law provides a cause of action to "any person who is within the United States" who "claims a right or privilege as a national of the United States." 8 U.S.C. § 1503(a). Plaintiff, however, has not sought a judgment declaring him to be a national of the United States.

[5] *See*, *e.g.*, *Maresca v. City of N.Y.*, No. 93-CV-2441 (LMM), 1993 WL 228856, at *1 (S.D.N.Y. June 23, 1993) ("The City is a citizen of the State of New York.").

state-court judgment precludes Plaintiff from litigating (or relitigating) some or all of his claims in federal court.

Federal district courts lack jurisdiction "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Hunter v. McMahon*, 75 F.4th 62, 68 (2d Cir. 2023) (citing *Lance v. Dennis*, 546 U.S. 459, 466 (2006)); *Verizon Md. Inc. v. PSC*, 535 U.S. 635, 644 n.3 (2002) (holding that the *Rooker–Feldman* doctrine, "merely recognizes that 28 U.S.C. § 1331 . . . does not authorize district courts to exercise appellate jurisdiction"). The so-called *Rooker-Feldman* doctrine—which takes its name from two U.S. Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983), and generally precludes federal courts from entertaining lawsuits that seek to alter state court judgments—does not apply "if a state-court appeal is pending when the federal suit is filed." *Hunter*, 75 F.4th at 68; *Hansen v. Miller*, 52 F.4th 96, 103 (2d Cir. 2022) (doctrine applies when "the losing party in state court filed suit in federal court after the state proceedings ended," which occurs when the "state courts finally resolve the issue") (citations omitted).

Moreover, for the doctrine to apply, there must be, among other things, a "*causal relationship* between the state-court judgment and the injury of which the party complains in federal court." *Hunter*, 75 F.4th at 72 (citing *McKithen v. Brown*, 481 F.3d 89, 98 (2d Cir. 2007) (emphasis original)); *Hansen*, 52 F.4th at 100 (doctrine "bars district courts from exercising jurisdiction over otherwise properly adjudicated claims only if the plaintiff 'complain[s] of injuries caused by a state court judgment.'" (citing *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005))).

6

When the *Rooker-Feldman* doctrine is inapplicable, such as because a state-court appeal is pending, or because the injury is an independent one that preceded or was merely ratified rather than caused by the state-court judgment, then the rules of preclusion govern instead. *Hunter,* 75 F.4th at 72 (holding that if federal litigation merely "entails a factual or legal contention that was, or could have been, presented to the state judge, then the connection between the state and federal cases concerns the rules of preclusion, which are not jurisdictional" (citing *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018))).

Here, Plaintiff alleges that, at the time he filed the complaint, he had pending an appeal from the state-court decision. (ECF 1 at 5). Moreover, Plaintiff's injury—DOHMH's denial of registration of his birth—is one that was merely ratified by the state-court judgment rather than caused by it. *Hunter*, 75 F.4th at 71. Accordingly, the *Rooker-Feldman* doctrine does not deprive the Court of jurisdiction of this matter, both because the state court proceedings were not final when Plaintiff brought this action and because this action presents an independent claim; instead, the ordinary rules of preclusion apply. [6]

Here, Plaintiff alleges that he initiated two prior Article 78 proceedings in the Supreme Court of the State of New York against DOHMH challenging its denial of registration of his birth in New York: one in 2019, under Index Number 156470/2019, and one in 2024, under Index Number 51429/2024.

A "federal court must give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009) (cleaned up). Under New York law, claim preclusion

---

[6] Although *res judicata* and collateral estoppel are affirmative defenses, the Court may raise the issues *sua sponte*. *See Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 398 and n.4 (2d Cir. 2003).

7

(also known as *res judicata*) "bars future litigation of claims that were or could have been raised in a prior proceeding where that prior proceeding resulted in a final judgment on the merits." *Hourani v. Wells Fargo Bank, N.A.*, 158 F. Supp. 3d 142, 146-47 (E.D.N.Y. 2016). Damages for civil rights violations may not be recovered in an Article 78 proceeding. *Gutierrez v. Coughlin*, 841 F.2d 484, 486 (2d Cir. 1988). The Second Circuit has held that claim preclusion does not bar a federal suit that follows an Article 78 proceeding if the state court could not have awarded the damages being sought in the federal action. *Davidson v. Capuano*, 792 F.2d 275 (2d Cir. 1986). Claim preclusion thus does not prevent Plaintiff from bringing damages claims that could not been brought in the Article 78 proceedings.

Nevertheless, the essential issue raised in this action – whether Plaintiff is entitled to delayed registration of the alleged fact of his birth in New York – was resolved against Plaintiff in the Article 78 proceedings. Under New York law, the doctrine of issue preclusion (or collateral estoppel) "bars a party from relitigating in a subsequent proceeding an issue clearly raised in a prior proceeding and decided against that party where the party to be precluded had a full and fair opportunity to contest the prior determination." *Weiss v. Manfredi*, 83 N.Y.2d 974, 976 (1994). Two requirements must be satisfied for issue preclusion to apply: (1) there must be an "identity of issue which has necessarily been decided in the prior action and is decisive of the present action," and (2) plaintiff must have had "a full and fair opportunity to contest the decision now said to be controlling." *Schwartz v. Pub. Adm'r*, 24 N.Y.2d 65, 71 (1969); *Vargas v. City of New York*, 377 F.3d 200, 207-08 (2d Cir. 2004) (holding that collateral estoppel does not apply when an Article 78 court has not heard or addressed the claims being asserted in federal court). Plaintiff squarely alleges that he raised the "same matter" twice in the Supreme Court of the State of New York. It also appears from the complaint that DOHMH opposed

Plaintiff's petition, and the petition was denied on the ground that "petitioner has not demonstrated his entitlement to the relief sought." (ECF 1 at 9.) Collateral estoppel thus bars Plaintiff from relitigating the question of whether he is entitled to delayed registration of his birth in New York because it appears from the face of the complaint that the issue has already been fully litigated in state court and resolved against him.

**D.     Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint gives no indication that the defects can be cured with an amendment.

Nevertheless, the facts alleged in Plaintiff's complaint are sufficiently unclear that there is a possibility that Plaintiff is asserting some claim against DOHMH that was not necessarily decided in the state court action. Accordingly, the Court grants Plaintiff leave to replead his claims against DOHMH within 30 days. If Plaintiff chooses not to file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

9

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: May 27, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge