UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELI ANGELINO,

                Plaintiff,

       -against-

NYC DEPARTMENT OF HEALTH AND
MENTAL HYGIENE,

                Defendant.

24-CV-7907 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*, bringing claims about "delayed" registration of his birth in New York. On May 27, 2025, the Court dismissed the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), holding, among other things, that issue preclusion barred relitigation of issues that had already been resolved against Plaintiff in prior litigation in state court. The Court granted Plaintiff 30 days leave to replead to clarify his allegations.

      On May 29, 2025, Plaintiff filed a declaration in which he indicates that his state court proceedings are ongoing. (ECF 8 at 1.) He seeks to voluntarily withdraw this action without prejudice to refiling, or asks that this action remain open on the docket until his state court proceedings conclude. Plaintiff also filed a notice of voluntary dismissal (ECF 9), stating that he withdraws the action without prejudice, pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

      The Court liberally construes Plaintiff's declaration (ECF 8) as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of

pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). The Court grants Plaintiff's motion for reconsideration, and the May 27, 2025 order of dismissal (ECF 6) is amended to dismiss this action without prejudice.

Plaintiff's notice of voluntary dismissal (ECF 10), filed after the Court had dismissed this action (ECF 6), is therefore moot.

Plaintiff requests permission to participate in electronic case filing. (ECF 5.) Because this action is now closed, the motion for permission to participate in electronic case filing is denied as moot. If Plaintiff seeks to pursue some claim in federal court arising from facts about his birth or birth certificate, he can renew his motion for permission to participate in electronic case filing in any such new action.

## CONCLUSION

The Court construes Plaintiff's declaration (ECF 9) as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. The Court modifies the May 27, 2025 order of dismissal (ECF 6) to the extent that this action is dismissed without prejudice. Plaintiff's notice of voluntary dismissal (ECF 10) is therefore moot.

Plaintiff's motion for permission to participate in electronic case filing (ECF 5) is denied as this action is closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment dismissing this action without prejudice.

SO ORDERED.

Dated:   June 20, 2025
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge